COOLEY LLP
WILLIAM K. PAO (252637) (wpao@cooley.com)
350 South Grand Avenue, Suite 3200
Los Angeles, CA 90071-3474
Telephone: 213-561-3250
Facsimile: 213-561-3244

COOLEY LLP
REUBEN H. CHEN (228725) (rchen@cooley.com)
LOWELL D. MEAD (223989) (lmead@cooley.com)
ALEXANDRA DUNWORTH LEEPER (307310)
(aleeper@cooley.com)
3175 Hanover Street
Palo Alto, California  94304-1130
Telephone:    +1 650 843 5000
Facsimile:    +1 650 849 7400

Attorneys for Plaintiff VITURE Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VITURE INC., | Case No. |
| Plaintiff, | **COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT** |
| v. | |
| MATRIXED REALITY TECHNOLOGY CO., LTD., | **JURY TRIAL DEMANDED** |
| Defendant. | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff VITURE Inc. ("VITURE") hereby alleges for its Complaint against Defendant Matrixed Reality Technology Co., Ltd., d/b/a XREAL ("XREAL") as follows:

**NATURE AND HISTORY OF THE ACTION**

1.    VITURE has emerged as a global leader in extended reality (XR) glasses—a company built on innovation, not imitation.  XR glasses allow users to experience immersive, large-screen viewing for movies, gaming, and work applications through lightweight, stylish eyewear that connects to smartphones, computers, and gaming devices.  Through cutting-edge technology, sleek design, and user-centric innovations, VITURE has earned praise from consumers and industry observers around the world.

2.    VITURE is a California corporation with a principal place of business in Cupertino, here in the Northern District of California.  VITURE was founded in San Francisco in 2021 by a team of Silicon Valley veterans with experience at Google, Apple, and other leading technology companies.  VITURE's success has been driven by its innovative approach to product design and user experience, resulting in more than 25 issued patents to date.  VITURE has also won numerous industry awards, including Time magazine's "Best Invention of the Year" for its innovative VITURE One product introduced in 2022, "Best AR Glasses" by Popular Mechanics in 2023, and many others.  VITURE's Luma Ultra XR/AR Glasses are shown below.



3.    In addition to earning patent rights and accolades from users and observers, VITURE's innovations and market success have also drawn attention from other companies in the XR market.  VITURE's culture of integrity and principled approach to innovation have resulted in

positive interactions and collaboration with many fellow innovators across the XR technology space.

4.      However, one company in the XR market—XREAL—has chosen a different path. Rather than compete on the merits of its technology, XREAL has resorted to attacking VITURE with baseless allegations designed to tarnish VITURE's reputation and impede its success.

5.      XREAL (previously named Nreal) was founded in 2017.  Like VITURE, XREAL has offices here in Silicon Valley, in the Northern District of California.  XREAL's offices are in Sunnyvale, only a few miles from VITURE's offices in Cupertino.

6.      Several years ago, XREAL was an early leader in the emerging market for consumer XR glasses.  But as VITURE's innovative products gained market traction and consumer acclaim, XREAL's competitive position eroded.  Rather than respond through innovation, XREAL apparently chose a different approach—not healthy competition, but abuse of the legal system and calculated disparagement in the press.

7.      On January 15, 2026 XREAL filed a patent infringement lawsuit in the Eastern District of Texas—a district where neither XREAL nor VITURE have any offices—alleging that VITURE's XR glasses products infringe U.S. Patent No. 11,988,839 ("'839 Patent").  *See Matrixed Reality Technology Co., Ltd. v. Eden Future HK Limited, et al.*, Civil Action No. 2:26-cv-00034-RWS-RSP (E.D. Tex.), ECF No. 1.  A copy of the '839 Patent is attached hereto as Exhibit 1.

8.      The '839 Patent issued nearly two years ago in May 2024—more than two years after VITURE announced the award-winning VITURE One, and around the same time VITURE introduced the VITURE Pro in May 2024.  Tellingly, XREAL remained silent for nearly two years after the patent's issuance, never once raising any allegation that VITURE's products infringed the '839 Patent.  Only after VITURE continued to gain market share and consumer recognition did XREAL change course and decide to pursue this meritless claim of patent infringement.

9.      XREAL's complaint in its Texas lawsuit alleges that VITURE markets and sells products in the United States that allegedly infringe XREAL's '839 Patent.  XREAL even delivered a paper copy of its complaint in the Texas lawsuit to VITURE's offices here in Cupertino, directly providing XREAL's complaint of infringement to VITURE here in this District.

10. But while XREAL accuses VITURE of infringing its '839 Patent, XREAL strategically chose not to name VITURE as a defendant in its Texas lawsuit. Instead, XREAL filed its Texas lawsuit only against two companies that are affiliates of VITURE and are based in Hong Kong and China respectively—despite XREAL's own allegations in the Texas lawsuit that VITURE Inc. is "responsible for the marketing and sales of the Accused Products in the United States" and is "the seller and distributor" of the allegedly infringing products. By deliberately excluding VITURE from its lawsuit while simultaneously accusing VITURE of infringement, XREAL attempted to manipulate the forum selection process.

11. XREAL could and should have filed its lawsuit against VITURE here in the Northern District of California—the proper and convenient venue where both parties maintain offices and employees. The Northern District of California—home of Silicon Valley—is well-equipped to handle technology-related patent infringement disputes and was the first federal judicial district in the United States to enact Patent Local Rules more than 25 years ago to provide procedures specifically for cases involving claims of patent infringement. Yet XREAL made a calculated decision to engage in forum shopping: rather than filing suit in the proper forum here in Northern California where both XREAL and VITURE have offices and employees, XREAL deliberately omitted VITURE from its lawsuit and instead filed in the Eastern District of Texas—an inconvenient venue where neither XREAL nor VITURE maintains offices—naming only two foreign affiliates as defendants. As a result of XREAL's forum manipulation, VITURE is now in the untenable position of either being excluded from a patent litigation based entirely on VITURE's own products, or consenting to venue in an improper and inconvenient forum. By bringing this declaratory judgment action, VITURE seeks to resolve this controversy in the proper forum where it should have been litigated from the outset. VITURE does not shy away from this dispute—to the contrary, VITURE is prepared to defend its innovations on the merits. But VITURE will not acquiesce to XREAL's forum manipulation tactics.

12. When it filed its Texas lawsuit, XREAL also issued a press release dated January 15, 2026 where XREAL made disparaging statements alleging that VITURE has infringed the '839 Patent. XREAL's press release was titled: "XREAL Files U.S. Patent Infringement Lawsuit against

Viture to Defend Foundational Augmented Reality Technology." *See* Ex. 2. XREAL issued its press release from its Sunnyvale offices here in Northern California:

> SUNNYVALE, Calif., Jan. 15, 2026 /PRNewswire/ -- XREAL today announced it filed a patent infringement lawsuit in the United State District Court for the Eastern District of Texas against Viture affiliates. The complaint asserts infringement of U.S. Patent No. 11,988,839, which discloses core augmented reality (AR) apparatus and optical system technology developed by XREAL. Eden Future HK Limited and Beijing Xingzhe Wujiang Technology Co., Ltd. are affiliates of Viture and are named in the lawsuit filed by Matrixed Reality Technology Co., Ltd., a subsidiary of XREAL.

Ex. 2.

13.    VITURE brings this lawsuit to clear its name, vindicate its rights, and end XREAL's campaign of baseless accusations. VITURE brings this action in the Northern District of California—the proper forum where both parties maintain offices and where XREAL should have filed its lawsuit in the first instance. Specifically, VITURE brings this action to obtain a declaratory judgment of non-infringement of the '839 Patent. XREAL has alleged that VITURE has infringed this patent—both in its Texas lawsuit and in its press release—and VITURE welcomes the opportunity to show in court that it has not infringed this patent. VITURE respectfully requests that the Court determine that VITURE has not infringed and issue judgment accordingly.

14.    XREAL's actions in this District deliberately directed at VITURE have created a real and immediate controversy between XREAL and VITURE as to whether VITURE and its products infringe any claims of the '839 Patent. The cloud created by XREAL's infringement allegations, which attempt to tarnish VITURE's brand and reputation, hangs over VITURE.

15.    VITURE is confident that it does not infringe the '839 Patent and looks forward to demonstrating as much before this Court. Therefore, an actual and justiciable controversy exists between the parties as to whether VITURE's products and/or services infringe any claims of the '839 Patent. The facts and allegations recited herein show that there is a real, immediate, and justiciable controversy concerning these issues. A judicial declaration is necessary to determine the respective rights of the parties regarding the asserted patents. VITURE seeks a judicial declaration that it has not infringed the '839 Patent.

## THE PARTIES

16.    Plaintiff VITURE is a California corporation with a principal place of business at

20863 Stevens Creek Blvd., Suite 400, Cupertino, California 95014.

17.     Defendant XREAL is a company organized under the laws of the People's Republic of China, with a principal place of business located at No. 2-3, Xinji Road, Singapore Industrial Park, Xinwu District, Wuxi City, China.  On information and belief, XREAL currently operates and/or has recently operated offices in this District at 440 N. Wolfe Road, Sunnyvale, California 94085.

18.     Based on XREAL's allegations in the Texas litigation, XREAL owns the '839 Patent.  The assignment database at the United States Patent & Trademark Office contains an assignment to XREAL dated May 30, 2023 of Application Number 18325986, which is the application that issued as the '839 Patent.

## JURISDICTION AND VENUE

19.     This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and under the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq.

20.     This Court has subject matter jurisdiction over the claims alleged in this action at least under 28 U.S.C. §§ 1331, 1332, 1338, 2201, and 2202, because this Court has exclusive jurisdiction over declaratory judgment claims arising under the Patent Laws pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

21.     This Court can provide the relief sought in this Declaratory Judgment Complaint because an actual case and controversy exists between the parties within the scope of this Court's jurisdiction pursuant to 28 U.S.C. § 2201, at least because XREAL has alleged that VITURE has infringed the '839 Patent, despite the fact that VITURE does not infringe, and has not infringed, any claims of the '839 Patent.  XREAL's actions have created a real, live, immediate, and justiciable case or controversy between XREAL and VITURE.

22.     XREAL has consciously and purposefully directed activities in this District at VITURE, a company that resides and operates in this District, including communicating XREAL's assertion that VITURE has infringed the '839 Patent.  First, XREAL delivered paper copies of its Texas Complaint and summons to VITURE's offices in Cupertino, California, in this District.  *See* Ex. 3 ("on January 27, 2026, a copy of summons issued as to Defendants in this action and a copy

of Plaintiff's Complaint were delivered to Defendants in care of Viture Inc. at 20863 Stevens Creek Blvd, Suite 400, Cupertino, CA 95014"). In its Texas Complaint, XREAL alleges that VITURE has infringed the '839 Patent by selling and/or offering for sale products that allegedly infringe the '839 Patent. Specifically, in its Texas Complaint, XREAL defines "AR/XR glasses under the 'VITURE' brand, including at least the VITURE Pro XR/AR Glasses, VITURE Luma Pro XR Glasses, VITURE Luma Ultra XR/AR Glasses, and other reasonably similar 'VITURE' branded products" as "Accused Products" that are "sold in the United States" and allegedly "incorporate features and capabilities that infringe one or more claims of the '839 Patent." Texas Complaint, ¶ 6. These "Accused Products" from XREAL's Texas Complaint are VITURE products. XREAL further alleges that VITURE "is responsible for the marketing and sales of the Accused Products in the United States" and "the seller and distributor of Eden Future and Viture Beijing's infringing 'VITURE' brand products in the United States." *Id.*, ¶¶ 12, 17. XREAL further alleges that the acts of alleged infringement include "selling and offering for sale the Accused Products in the United States" pursuant to 35 U.S.C. § 271(a). *Id.*, ¶ 29. Accordingly, XREAL asserts that VITURE has infringed the '839 Patent at least by selling and offering for sale the Accused Products in the United States, and XREAL purposefully and deliberately delivered to VITURE's offices in this District a copy of its Texas Complaint stating that assertion of infringement.

23. Second, XREAL issued within this District—in Sunnyvale, California—its January 15, 2026 press release that specifically targeted VITURE with XREAL's assertion that VITURE's products infringe the '839 Patent. *See* Ex. 2 ("SUNNYVALE, Calif."). On information and belief, the Sunnyvale, California location from which XREAL issued its press release was XREAL's offices at 440 N. Wolfe Road, Sunnyvale, California 94085. In its press release, XREAL states that it alleges "infringement of U.S. Patent No. 11,988,839." *Id.* While the press release states that XREAL filed suit in Texas "against Viture affiliates," namely Eden Future HK Limited and Beijing Xingzhe Wujiang Technology Co., Ltd., the title of the press release states that XREAL accuses "Viture" of patent infringement: "XREAL Files U.S. Patent Infringement Lawsuit against Viture to Defend Foundational Augmented Reality Technology." *Id.* The press release further asserts that "Viture" has incorporated XREAL's patented inventions into its products: "Viture only recently

entered the market and unlawfully incorporated XREAL's patented inventions into its AR glasses products." *Id*. The press release further references "AR/XR glasses under the 'VITURE' brand, including at least the VITURE Pro, VITURE Luma Pro, VITURE Luma Ultra, and other similar products," and states that "[t]hese products infringe on one or more claims of XREAL's patent." *Id*. Accordingly, the press release makes clear XREAL's assertion that VITURE has infringed the '839 Patent by providing VITURE products that allegedly incorporate the patented inventions of one or more claims of the '839 Patent. XREAL deliberately and purposefully intended that VITURE would receive and review the press release XREAL issued from within this District and perceive that XREAL accuses VITURE of infringing the '839 Patent, as the title and content of the press release specifically indicate that XREAL accuses "Viture" and "Viture" products of infringing the '839 Patent.

24. XREAL thus purposefully directed at VITURE these activities and communications in this District conveying XREAL's assertion that VITURE infringes the '839 Patent, and this action arises out of and directly relates to XREAL's contacts with VITURE in this District.

25. In doing so, XREAL has established sufficient minimum contacts with the Northern District of California such that XREAL is subject to at least specific personal jurisdiction in this action. The exercise of personal jurisdiction based on these deliberate and pertinent contacts does not offend traditional notions of fairness and substantial justice.

26. Venue in this District is proper under 28 U.S.C. §§ 1391(b), (c), and (d) with respect to VITURE's declaratory judgment claim. As discussed above, this Court has personal jurisdiction over XREAL because XREAL has engaged in actions in this District that form the basis of VITURE's claims against XREAL—namely, XREAL's delivery of its Texas Complaint to VITURE in this District and XREAL's publication of a press release targeting VITURE from within this District, both asserting that VITURE and VITURE's products infringe the '839 Patent.

27. An actual and justiciable controversy exists under 28 U.S.C. §§ 2201-2202 between VITURE and XREAL as to whether VITURE has infringed the '839 Patent.

**PATENT-IN-SUIT**

28. The '839 Patent, entitled "Augmented reality apparatus and optical system therefor"

states on its face that it issued on May 21, 2024. A true and correct copy of the '839 Patent is attached as Exhibit 1.

## CLAIM FOR RELIEF

### (Declaratory Judgment VITURE Does Not Infringe The '839 Patent)

29.    VITURE repeats and realleges each and every allegation contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

30.    In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between VITURE, on the one hand, and XREAL, on the other, regarding whether VITURE infringes any claim of the '839 Patent.

31.    VITURE does not infringe, and has not infringed, any claim of the '839 Patent. The '839 Patent has three independent claims. XREAL identified claim 1 as allegedly infringed in the Texas Litigation. Claim 1 is reproduced below:

1. An optical system for an AR apparatus, comprising:

an image projection source;

a polarizing beam splitter having a beam-splitting side adjacent to the image projection source and a transmission side facing away from the image projection source, the polarizing beam splitter being arranged such that light emitted from the image projection source is able to be non-perpendicularly incident on and be at least partially reflected by the beam-splitting side, and the polarizing beam splitter being configured such that when light is incident on the beam-splitting side, a polarized light component, whose polarization is in a first direction, passes through the polarizing beam splitter and is transmitted through the transmission side thereof, and a polarized light component, whose polarization is in a second direction perpendicular to the first direction, is reflected from the beam-splitting side;

a polarizer disposed between the image projection source and the beam-splitting side of the polarizing beam splitter, and the polarizer is configured to allow polarized light, whose polarization is in the second direction, to be transmitted therethrough and polarized light, whose polarization is in the first direction to be absorbed;

a wave plate adjacent to the beam-splitting side, the light emitted from the image projection source being able to be at least partially reflected by the beam-splitting side towards the wave plate;

a semi-reflector located downstream of the wave plate in an optical path of reflected light; and

an additional wave plate and an additional polarizer which are located in this order distal to the semi-reflector, wherein the additional wave plate is configured such that when circularly polarized light is incident on it, linearly polarized light is able to exit, and the additional polarizer is configured to absorb the exiting linearly polarized light;

wherein the additional wave plate is in one of configurations including:

when the circularly polarized light is incident on it, a polarized light component, whose polarization is in the first direction, is able to exit, and wherein the additional polarizer is configured to absorb the polarized light component whose polarization is in the first direction, and

when the circularly polarized light is incident on it, a polarized light component, whose polarization is in the second direction, is able to exit, and wherein the additional polarizer is configured to absorb the polarized light component whose polarization is in the second direction,

wherein the additional wave plate and the additional polarizer are adhered together, and

wherein the semi-reflector is a curved semi-reflector, and the additional wave plate and the additional polarizer are in one of configurations including:

contours of the additional wave plate and the additional polarizer in a lateral direction substantially follow a curved shape of the semi-reflector,

contours of the additional wave plate and the additional polarizer in a longitudinal direction substantially perpendicular to the lateral direction substantially follow a curved shape of the semi-reflector, and

contours of the additional wave plate and the additional polarizer substantially follow a curved shape of the semi-reflector.

32.    Claim 17 of the '839 Patent recites an "optical system for an AR apparatus" that recites similar limitations, and claim 19 recites a "head-mounted augmented reality apparatus" that recites similar limitations.  VITURE has not infringed and does not infringe any claims of the '839 Patent at least because no VITURE product satisfies all limitations of any of claims 1, 17, and 19. Specifically, none of the VITURE Pro, VITURE Luma Pro, and VITURE Luma Ultra products that XREAL has accused of infringement, nor any other product that VITURE has provided, satisfies all limitations of any claim of the '839 Patent.  Each of VITURE's accused products has a design including components and configurations that are different from the requirements of the claims of

the '839 Patent, and none of VITURE's products infringes the claims.

33.    In view of the foregoing, there is an actual, justiciable, substantial, and immediate controversy between VITURE and XREAL regarding whether VITURE infringes any claim of the '839 Patent.

34.    VITURE is entitled to judgment declaring that it does not infringe the '839 Patent. VITURE has no adequate remedy at law.

## **PRAYER FOR RELIEF**

VITURE respectfully requests the following relief:

A.    That the Court enter a judgment declaring that VITURE has not infringed and does not infringe any claim of the '839 Patent asserted by XREAL to be infringed by VITURE;

B.    That the Court declare that this case is exceptional under 35 U.S.C. § 285 and award VITURE its attorneys' fees, costs, and expenses incurred in this action;

C.    That the Court award VITURE any and all other relief to which VITURE may show itself to be entitled; and

D.    That the Court award VITURE any other relief as the Court may deem just, equitable, and proper.

## **JURY DEMAND**

VITURE hereby demands a jury trial on all issues and claims so triable.

Dated: March 16, 2026

By: */s/ William K. Pao*

William K. Pao (252637)
(wpao@cooley.com)
Cooley LLP
350 South Grand Avenue, Suite 3200
Los Angeles, CA 90071-3474
Telephone:  213-561-3250
Facsimile:  213-561-3244

Reuben H. Chen (228725)
(rchen@cooley.com)
Lowell D. Mead (223989)
(lmead@cooley.com)
Alexandra Leeper (307310)
(aleeper@cooley.com)
Cooley LLP
3175 Hanover Street
Palo Alto, California  94304-1130
Telephone:   +1 650 843 5000
Facsimile:    +1 650 849 7400

*Attorneys for Plaintiff VITURE Inc.*

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

12

**COMPLAINT FOR DECLARATORY JUDGMENT
OF NON-INFRINGEMENT**