UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VITURE INC.,

Plaintiff,

v.

MATRIXED REALITY TECHNOLOGY CO., LTD.,

Defendant.

Case No. 26-cv-02268-JST

**ORDER STAYING CASE**

Re: ECF No. 17

Before the Court is Defendant Matrixed Reality Technology Co. Ltd., d/b/a XREAL's ("XREAL") motion to dismiss, transfer, or stay under the first-to-file rule. ECF No. 17. The Court will grant the motion to stay.

## I. BACKGROUND

Plaintiff Viture Inc. (US) ("Viture US") sells extended virtual reality glasses, which allow users to "experience immersive, large-screen viewing for movies, gaming, and work applications" through glasses. ECF No. 1 ¶ 1.

XREAL brought suit against Eden Future HK Limited and Beijing Xingzhe Wuijang Technology Co. Ltd. (Viture Beijing) in the Eastern District of Texas on January 25, 2026 for infringement of U.S. Patent No. 11,988,839. It accused Viture Pro, Viture Luma Pro, and Viture Luma Ultra of infringement. *Id.* ¶ 23. In this case, Viture US seeks a declaration of non-infringement of the '839 Patent for the same products. *Id.* ¶¶ 7, 29–32.

Viture Beijing and Viture US are in the same corporate structure with overlapping key personnel. ECF No. 17-3 ¶¶ 10–18; ECF No. 17 at 11 (explaining exhibits and translations). Their parent companies, Eden Future NL B.V. (Netherlands) and Eden Future HK Limited, share a parent company, Eden Future Pte. Ltd. (Singapore). *Id.* The companies share an executive,

United States District Court
Northern District of California

Gonglue "David" Jiang, who is the founder of the VITURE brand. Jiang also serves as the director and founder of Eden Future, the director and sole manager of Viture Beijing, and the CEO and CFO of Viture US. *Id.* Viture US and Viture Beijing sell the same relevant products, but their sales distribution channels into the United States do not overlap. ECF No. 21-6 ¶¶ 7–11. Virtue US maintains the virtue.com website, fulfills direct-to-consumer sales, and sales through a U.S. warehouse retailer. *Id.* ¶ 9. Viture Beijing does not maintain US operations but sells the accused products in the United States through a retail store and a third-party online store. *Id.* ¶ 11.

Viture US filed this case on March 16, 2026. ECF No. 1. Viture Beijing moved the Texas court to transfer that case to the Northern District of California on May 5, 2026. Defendants' Motion to Transfer, *Matrixed Reality Tech. Co., Ltd. v. Eden Future HK Ltd, et al*, No. 2:26-cv-00034-RWS-RSP (E.D Tex. May 5, 2026), ECF Nos. 26, 28. In this case, XREAL now moves to dismiss, stay, or transfer under the first-to-file rule on May 27, 2026. ECF No. 17. Viture US opposed XREAL's motion, ECF No. 22, and XREAL filed a reply. ECF No. 23

## II. JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1331.

## III. LEGAL STANDARD

The first-to-file rule "allows a district court to transfer, stay, or dismiss an action when a similar complaint has been filed in another federal court." *Alltrade, Inc. v. Uniweld Prods. Inc.*, 946 F.2d 622, 623 (9th Cir. 1991). To determine whether to apply the rule, "a court analyzes three factors: chronology of the lawsuits, similarity of the parties, and similarity of the issues." *Kohn L. Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). The rule "is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982).

"The circumstances under which an exception to the first-to-file rule typically will be made include bad faith, anticipatory suit, and forum shopping." *Alltrade*, 946 F.2d at 628 (citations omitted). Exceptions to the first-to-file rule may be made if they are justified by "considerations of judicial and litigant economy, and the just and effective disposition of disputes." *Elecs. for*

*Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005) (quoting *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993)). There must be "sound reason that would make it unjust or inefficient to continue the first-filed action." *Id*.

## IV. DISCUSSION

### A. Substantially Similar Parties

"[T]he first-to-file rule requires only substantial similarity of the parties" and not the "exact identity of the parties." *Kohn*, 787 F.3d at 1240. Viture US argues that the parties in this action are not substantially similar to those in the Texas action, since they do not share a parent with Viture Beijing and lack overlapping distribution channels. ECF No. 22 at 8–10. XREAL argues that these are distinctions without a difference, since Viture does not point to any case law treating a corporate "cousin" differently than a "sibling" corporation. It also suggests that Viture US has not identified any reason that Viture Beijing would not fairly represent it in the patent litigation. ECF No. 23 at 3–5. XREAL also observes that Viture Bejing and Viture US share counsel between the two actions. ECF No. 23 at 8.

The Court agrees with XREAL. Viture US does not dispute that the entities are in the same corporate ownership structure, and they have a shared interest in the construction of the patent-in-suit. That is sufficient. *See State of California v. United States Dep't of Agriculture*, No. 25-cv-6310-MMC, 2026 WL 2447539, at *3 (N.D. Cal. Aug. 20, 2026) ("Courts have found that . . . the parties are . . .'substantially similar'. . . if they represent the same interests" (quoting *Aqua Connect, Inc. v. SHI International Corp.*, No. CV 19-5662-AB (JPR), 2019 WL 8883452, at *3 (C.D. Cal. Dec. 16, 2019)); *Renesas Elecs. Am. Inc. v. Monterey Research, LLC*, No. 24-cv-6223-JSC, 2024 WL 5077109 at *3–4 (N.D. Cal. Dec. 10, 2024) (finding "entities share common interests, rendering them substantially similar parties in this litigation" when in the same corporate family); *Optoma Tech. Inc. v. Maxell Ltd.*, No. 24-cv-8147-TLT, 2025 WL 1148286, at *2–3 (N.D. Cal. Mar. 14, 2025). The Court finds there is substantial similarity between the parties, and they share a common interest in this litigation.

### B. Substantially Similar Issues

"The issues in both cases . . . need not be identical, only substantially similar," for the first-

United States District Court
Northern District of California

to-file rule to apply. *Kohn*, 787 F.3d at 1240. "To determine whether two suits involve substantially similar issues, [courts] look at whether there is substantial overlap between the two suits." *Id*. at 1241 (citation modified).

Viture US's only argument regarding the similarity of issues is that Viture US's sales are not at issue in the Texas action. Viture US does not argue that its products differ technologically from Viture Beijing's products, such that a Court would be required to distinguish them for purposes of finding infringement. Courts have consistently found when two cases share patents and accused infringing products, the issues are substantially similar. *See, e.g., Aqua Connect*, 2019 WL 8883452, at *4; *Optoma,* 2025 WL 1148286, at *3; *Renesas*, 2024 WL 5077109 at *3–4. The Court finds the same is true here.

**C. Exceptions to the First-to-File Rule**

Viture US argues that the balance of the equities weighs in its favor because XREAL has engaged in forum shopping and the Eastern District of Texas cannot exercise personal jurisdiction over it. ECF No. 22 at 11–12. It says that XREAL is "forcing Viture US to either acquiesce to venue in an improper forum or be excluded from litigation that XREAL has framed around Viture US's own products and activities, even though the EDTX court cannot resolve liability for Viture US's sales." *Id.* at 12. XREAL counters that, first, the Eastern District of Texas, not this Court, should decide whether an exception to the first-to-file rule applies, regardless of whether Viture US is a party to the Texas proceeding; second, that an existing motion before the Texas court presents Viture US's position to the court, and Viture US could seek to intervene in the Texas action for the limited purpose of raising its concerns if it wanted; and third, patentees have discretion to choose which accused infringers to sue and are not obligated to sue every possible defendant. ECF No. 23 at 7–9.

The Court agrees with XREAL. "Courts . . . have concluded that the court of the first-filed action, rather than the court of the second-filed action, should decide whether an exception to the first-to-file rule applies." *Optoma*, 2025 WL 1148286, at *3; *Wyrgatsch v. Hasbro, Inc.*, No. No. CV 23-7341-MWF (Ex), 2023 WL 9419156, at *2 (C.D. Cal. Dec. 1, 2023) (citing *Pacesetter Sys, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 96 (9th Cir. 1982)); *EMC Corp. v. Bright Response, LLC*, No.

United States District Court
Northern District of California

12-cv-2841-EMC, 2012 WL 4097707, at *5 (N.D. Cal. Sept. 17, 2012). In fact, there is already a motion to transfer pending before the Texas court. Accordingly, this Court will not further address the question of exceptions to the first-to-file rule. *See Optoma*, 2025 WL 1148286, at *3.

**D. Dismiss, Stay, or Transfer**

Having concluded that the first-to-file rule is appropriate in this case, and that this Court is not the appropriate court to determine whether any exceptions to the first-filed rule apply, the Court must choose whether to dismiss, stay, or transfer the case. Viture argues this case cannot be transferred to the Eastern District of Texas because it does not reside in the district and committed no alleged acts of infringement there. ECF No. 22 at 13 (citing 28 U.S.C. §§ 1404(a), 1400(b)). XREAL acknowledges that the action could be brought in Texas only with Viture US's consent. ECF No. 23 at 9.

XREAL requests this case be dismissed or, in the alternative, stayed pending resolution of the Texas action. ECF No. 23 at 9–10. Viture US chooses "none of the above": it argues that dismissal would be inappropriate since the Texas action cannot afford it complete relief unless Viture US consents to its jurisdiction, but it also rejects the idea of a stay pending resolution of the Texas case, arguing that a stay will only serve to delay resolution if the Texas court ultimately grants the pending transfer motion and that staying this case prior to a ruling on that motion serves no purpose." ECF No. 22 at 13.

The Court finds it appropriate to stay the case pending resolution of the Texas proceeding. If Viture US is correct that it will not be able to seek declaratory relief in the Texas case without consenting to that court's jurisdiction, it would lack a forum to bring its claims. *See Alltrade*, 946 F.2d at 628–29 (jurisdictional uncertainty cautions courts against outright dismissal). Should the Texas court transfer the first-field action, "the stay could be lifted and the actions consolidated." *Id.* at 629.

**CONCLUSION**

XREAL's motion to stay the case is granted. The parties are ordered to file a joint status report within seven days of (1) the Texas court's grant of the motion to transfer, if that motion is granted or (2) the entry of final judgment of the Texas proceeding, if the motion to transfer is

denied. The Clerk is directed to administratively close the case file.

**IT IS SO ORDERED.**

Dated: September 17, 2026

JON S. TIGAR
United States District Judge